JAMES M. DYSON, sheriff, plaintiff in error, *vs.* JAMES E. HARPER, assignee, *et al.*, defendants in error.

HENRY KELLY, plaintiff in error, *vs.* JAMES E. HARPER, assignee, *et al.*, defendants in error.

A sheriff levied a mortgage *fi. fa.* upon a stock of goods kept as merchandise. By consent of both mortgagor and mortgagee, the sheriff proceeded to sell the goods at the store at private sale; pending the sale, a general *fi.*

*fa.* was put in the sheriff's hands and an entry of levy made by him. Before the goods were all sold the defendant was adjudged a bankrupt. The plaintiff in the general judgment levied called upon the sheriff by rule *nisi* to show cause why he should not pay to him the principal and interest on his *fi. fa.* The sheriff answered, setting forth the above facts, and that another general *fi. fa.* had been put in his hands; that the assignee in bankruptcy had also claimed the money arising from the sale; that he had in hand $5,000 00, and was ready to pay it under the order of the court. The court directed the parties to interplead, and on special motion by the assignee in bankruptcy, directed the money to be paid to him, to be distributed as assets in the court of bankruptcy. The sheriff and the general judgment creditor, whose *fi. fa.* had been levied, excepted:

*Held,* that the money in the sheriff's hands was before the court for distribution as money raised on final process, and it was error to direct it to be paid the assignee.

Bankrupt. Sheriff. Execution. Judicial sale. Rule against officer. Before Judge POTTLE. Wilkes Superior Court. May Adjourned Term, 1874.

These cases were argued together. They are sufficiently reported in the above head-note.

R. TOOMBS, for plaintiffs in error.

W. M. & M. P. REESE, for defendants.

McCAY, Judge.

There is nothing in the case of *Morris vs. Davidson,* 49 *Georgia,* 361, which controls this case. There the money was before the court by process of garnishment, which was dissolved by operation of law on the adjudication in bankruptcy. But in this case we have only the ordinary rule against the sheriff, by a general judgment creditor, who, before the adjudication in bankruptcy, had ordered a levy, which had been made on at least part of the goods, and this before the sale was complete. The whole of the goods had been seized by the sheriff under final process, and for convenience of the parties, and the interest of all parties, he was proceeding to sell them in a manner different from that prescribed by law. In the case to which we have referred, the sale was by

an auctioneer; the sheriff had given up the possession to him. See, also, the case of *Winship vs. Phillips,* 52 *Georgia,* 593. In the present case the goods were seized by the sheriff under final process. He has sold them, and he admits that he has the proceeds in his possession as sheriff of the state court. The sheriff himself does not pretend that this money is not in his hands as sheriff. He does not make the question whether he is 'in contempt. The mortgagee does not complain; the defendant himself does not. The question, therefore, turns wholly on the relative rights of the assignee, the appointee of the bankrupt court, and the judgment creditors. It seems to us that the assignee's rights are disposed of by the *seizure.* The sheriff, under a final process of the state courts, had *seized* the property before even the commencement of the proceedings in bankruptcy. That possession has never been restored to the defendant, or any agent of his, and the sheriff brings the money into court. If it was not sold at public sale, and he and the mortgagee make no objection, we do not see how it is competent for others to do it. The levy, under final process, of the mortgage and the general judgment, was an assertion of jurisdiction over it before any jurisdiction of the bankrupt court attached. That the law as to the sale has not been complied with does not deprive the state court of the jurisdiction it thus acquired, and we think the court was in error in giving the property to the assignee. Nobody's rights can be affected. Both courts will administer the law; but, under the rule that the court first taking the jurisdiction will retain it, we think it is for the state court to distribute the fund.

Judgment reversed.